UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD GREEN, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>BAKERSFIELD MEMORIAL HOSPITAL, et al.,<br><br>        Defendants. | Case No.: 1:16-CV-00450-LJO-JLT<br><br>ORDER DENYING STIPULATION TO AMEND THE CASE SCHEDULE<br>(Doc. 22) |

Counsel have submitted a stipulation in which they detail the minimal discovery they have conducted thus far. (Doc. 22) As of now, the plaintiffs have propounded written discovery but defendants have failed to fully respond to it despite receiving extensions of time to do so. (Doc. 22 at 2) For their part, the defendants have requested and been provided a release signed by the plaintiffs to allow them to obtain medical records. Id. There is no indication whether the defendants have sought or obtained these records.

The plaintiffs anticipate taking a deposition of the entity but suggest that, due to other priorities, "this may not be feasible before the end of March." (Doc. 22 at 3) Apparently, the parties anticipate no other discovery in light of the fact that none other is described in their stipulation. Despite this, they seek an amendment to the case schedule to extend non-expert discovery to May 19, 2017.[1] Id. at 3.

---

[1] Inexplicably, they assert that this coincides with the expert discovery deadline(Id. at 3); it does not. Rather, that deadline is June 9, 2017. (Doc. 18 at 2)

In the scheduling order, the Court provided information as to what was required when seeking to amend the case schedule. Indeed, in the scheduling order, the Court admonished,

> **The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

(Doc. 18 at 6, emphasis in the original)

Good cause is shown by demonstrating the parties acted diligently to meet the deadlines in place. ". . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment). In part, the "good cause" standard requires the parties demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference . . ." Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999); see Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D. W.Va. 1995).

Here, the parties offer little explanation for their failure to have progressed in discovery. Likewise, given, apparently, they intend to take only one deposition, there is no sufficient showing that this cannot be completed by March 24, 2017. If they intend to conduct other discovery, there stipulation is inadequate in that they have failed to describe it or explain why it was not conducted earlier or why it cannot be completed before the deadline. Due to the failure to demonstrate good cause, the stipulation to amend the case schedule is **DENIED**.

IT IS SO ORDERED.

Dated:   **February 14, 2017**          /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE