1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

11  LEONARD GREEN, et al.,

12              Plaintiffs,

13       v.

14  BAKERSFIELD MEMORIAL HOSPITAL, et

15  al.,

16              Defendants.

17

Case No.:  1:16-CV-00450-LJO-JLT

ORDER DENYING EX PARTE REQUEST TO
AMEND THE CASE SCHEDULE
(Doc. 26)

18          On February 14, 2107, the Court denied the stipulation of counsel to amend the case schedule.

19  (Doc. 25)  The basis for the order was the absolute lack of diligence shown toward completing even a

20  modicum of discovery within the deadlines set.  Id.  Now, a month after that order, the plaintiffs have

21  filed an ex parte request to amend the case schedule.  (Doc. 24)  In doing so, they blame their failure to

22  conduct discovery on the defendants.  They assert that the defendants lead them to believe the case

23  would settle and it didn't.  They assert the defendants sought extensions on discovery response deadlines

24  and delayed beyond the extensions in responding.  They assert that the defendants failed to provide dates

25  for depositions.  What is strikingly absent from the ex parte request is *any* explanation why plaintiff

26  allowed any of these tactics.

27          Notably, they alone chose whether to grant extensions of time.  They alone chose to forego

28  discovery on the chance the case would settle.  They alone chose not to set depositions despite that they

need not obtain the approval of opposing counsel before doing so.  And, most important, they alone chose to forgo the assistance of the Court in obtaining compliance with discovery efforts (See Doc. 18 at 3).[1]  The Court has little sympathy for this lack of diligence toward the obligations of discovery and, as set forth in its previous order denying the requested amendment to the case schedule, this conduct falls well-short of that required to amend the case scheduled.  <u>Jackson v. Laureate, Inc.</u>, 186 F.R.D. 605, 608 (E.D. Cal. 1999); see <u>Marcum v. Zimmer</u>, 163 F.R.D. 250, 254 (S.D. W.Va. 1995).

The Court *does* sympathize with the plaintiffs who, unfortunately, will bear the brunt of their attorney's decisions to allow them to not obtain the discovery they need.  However, the Court is obligated—as is their counsel—to the dictates of the law. Therefore, the ex parte request to amend the case schedule is **DENIED**.

IT IS SO ORDERED.

Dated:   __**March 19, 2017**__                              _____**/s/ Jennifer L. Thurston**_
                                                                    UNITED STATES MAGISTRATE JUDGE

---

[11] In making these observations, the Court **DOES NOT CONDONE** the defendants' conduct if it was as described in the plaintiffs' papers.  However, their conduct is not yet before the Court.